DONALD W. MARGOLIS and BARBARA MARGOLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Margolis v. Commissioner
Docket No. 986-79.
United States Tax Court
T.C. Memo 1982-187; 1982 Tax Ct. Memo LEXIS 563; 43 T.C.M. (CCH) 1043; T.C.M. (RIA) 82187; April 12, 1982. Donald W. Margolis, pro se. Ronald J. Gardner, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 5,742 deficiency in petitioners' 1976 Federal income tax. The sole issue for decision is whether a payment received by petitioner Donald W. Margolis from International Business Machines Corporation upon the termination of his employment therewith is excludable from gross income. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Donald W. Margolis (hereinafter petitioner) and Barbara Margolis, husband and wife, resided in Colorado when they filed their 1976 point Federal income tax return and when they filed their petition in this case. Petitioner was *564 employed as a patent attorney by International Business Machines Corporation (hereinafter IBM) for the twelve years prior to March 1976. During the last ten years of his employment with IBM, he was located at IBM's manufacturing and engineering facility in Boulder, Colorado. Patent attorneys employed by IBM are members of the Commercial and Industry Relations Staff, which at all times relevant hereto was headed by Wallace C. Doud, Vice President, Commercial and Industry Relations. In early 1976, Mr. Doud engaged in discussions with petitioner concerning his performance and future with IBM. Prior to that time, petitioner's manager at the Boulder facility had been required to spend an inordinate amount of time reviewing and redoing his work. Consequently, during the course of their discussions Mr. Doud informed petitioner that IBM's management had concluded that in the long run it would probably be in the best interest of both IBM and petitioner for him to seek employment elsewhere. Initially, petitioner told Mr. Doud that he would like to be given an opportunity to improve his work. While petitioner could have been granted a probationary period in which to improve his work *565 pursuant to IBM's personnel policy, Mr. Doud was concerned that his performance would not improve and that such a probationary period would represent a waste of IBM's resources. Hence, Mr. Doud negotiated a termination arrangement with petitioner without any probationary period. Pursuant to this arrangement, petitioner agreed to accept a termination payment equivalent to approximately 40 weeks of his normal salary. It was the normal practice of IBM to make termination payments of one week's salary for each 6 months of employment with IBM. Under this formula, petitioner would have received a termination payment equivalent to approximately 24 weeks' salary. On March 5, 1976, petitioner's employment with IBM was terminated. At that time, he received two payments, one of which was for accrued salary and vacation pay earned as of that date. The gross amount of such payment was $ 5,386.31. The other payment represented the termination payment that petitioner and Mr. Doud had agreed upon and was described as "Employee Cancellation Salary from 3/6/76 - 1/7/77." Such payment was in the gross amount of $ 22,969.09, which would have been equivalent to petitioner's normal salary for the *566 specified period. IBM deducted Federal withholding tax from both payments prior to issuing separate checks dated March 5, 1976, to petitioner. During the period from March 6, 1976 through January 7, 1977, petitioner did not provide any services to IBM. On his 1976 tax return, petitioner reported the $ 5,386.31 payment he received for accrued salary and vacation pay as income, but did not so report the $ 22,969.09 payment. In an attachment to the return, petitioner stated that he had not included the payment in his income because it constituted a gift. In the notice of deficiency, respondent determined that such payment was includable in petitioner's gross income. OPINION We must determine whether the $ 22,969.09 payment that petitioner received upon the termination of his employment with IBM was includable in his gross income. Petitioner maintains that such payment was not includable in his income because it was a gift. According to petitioner, he had been a highly valued employee and had often received special treatment from IBM and the payment in issue herein was simply another example of such special treatment. Respondent, on the other hand, argues that IBM agreed *567 to make this payment pursuant to negotiations between petitioner and Mr. Doud in order to obtain petitioner's voluntary termination without a probationary period. Consequently, respondent concludes that the payment was not a gift and, therefore, was includable in petitioner's income. We hold for respondent. Section 61(a) [1] provides that "gross income means all income from whatever source derived." Whether a transfer constitutes a payment of income or a nontaxable gift is a question of fact. Commissioner v. Duberstein,363 U.S. 278 (1960). Petitioner bears the burden of proving that the payment he received upon the termination of his employment with IBM constituted a gift. Rule 142(a), Tax Court Rules of Practice and Procedure.
On the record before us, we must conclude that petitioner has failed to establish that the $ 22,969.09 that he received from IBM constituted a gift. It is clear that this payment was the product of negotiations between petitioner and Mr. Doud and that Mr. Doud agreed to make the payment in order to avoid the waste of resources that he believed would have *568 been caused by granting petitioner a probationary period in which to improve his performance. While under normal circumstances petitioner would have only received a payment equivalent to 24 weeks of his normal salary, Mr. Doud was willing to make a larger termination payment in order to avert a more costly waste of resources. In Commissioner v. Duberstein,363 U.S. 278, 285 (1960), the Supreme Court stated the following with respect to the meaning of the term "gift" for purposes of the Internal Revenue Code: A gift in the statutory sense * * * proceeds from a "detached and disinterested generosity, * * * out of affection, respect, admiration, charity or like impulses." * * * And in this regard, the most critical consideration, as the Court was agreed in the leading case here, is the transferor's "intention." * * * [Citations omitted.] The record is devoid of any indication that the payment in issue proceeded from detached and disinterested generosity. To the contrary, Mr. Doud testified that he considered the payment a business transaction, [2] and all of the evidence in the record supports this characterization. While petitioner may have once been a valuable *569 IBM employee, such was certainly not the case during the time frame herein under consideration and the facts show that the $ 22,969.09 payment he received was not grounded upon affection, respect, or any like impulses. Nevertheless, petitioner asserts that the payment should be considered a gift because IBM could have terminated his employment without granting him a probationary period or giving him any termination pay. We must reject this argument. First, it is well settled that the mere absence of a legal or moral obligation to make such a payment does not establish that it is a gift. Commissioner v. Duberstein,supra at 285. Moreover, while the record supports the conclusion that IBM was under no obligation to do these things, Mr. Doud's testimony shows that the *570 denial of termination pay or of a probationary period to petitioner when such a period was requested would have been contrary to the normal practices of IBM. For this reason, Mr. Doud was willing to agree to a slightly larger than normal termination payment in order to secure petitioner's voluntary termination without a probationary period. Accordingly, we hold that the $ 22,969.09 payment received by petitioner from IBM upon the termination of his employment is includable in his gross income. [3]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. On brief, petitioner has argued that we should not accord any weight to Mr. Doud's testimony because he is a high level IBM employee who was aware that a finding in petitioner's favor would increase IBM's tax liability. We must reject petitioner's attack on Mr. Doud's credibility. We found Mr. Doud to be a credible witness whose testimony was corroborated by other evidence in the record.↩
3. Petitioner argues, in the alternative, that the amount of this payment in excess of the normal termination payment (equivalent to 24 weeks of his salary) should be considered a gift. We must reject this argument for the same reasons we rejected petitioner's attempt to characterize the entire payment as a gift.↩